IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


ROBERT P. SHELEY,

    Petitioner,

vs.                                                  Case No. 4:11cv413-SPM/WCS

KENNETH S. TUCKER,[1]

    Respondent.

_____/


## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

This cause is before the court on a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  Doc. 1.  Petitioner challenges his combined sentences of imprisonment for thirty six years and one day, imposed by the Circuit Court in Osceola

---

[1] Petitioner names Walter McNeil, who was once the Secretary of the Florida Department of Corrections.  Kenneth S. Tucker (who succeeded Edwin G. Buss) is the current Secretary, and is automatically substituted as Respondent.  Fed.R.Civ.P. 25(d).

County, on June 25, 1974. Doc. 1, p. 1. As he is not incarcerated in this district and does not challenge the judgment of a state court located in this district,[2] jurisdiction is not appropriate here. § 2241(d) (venue appropriate in the district of conviction or confinement); see also, Rumsfeld v. Padilla, 542 U.S. 426, 442-443, 124 S.Ct. 2711, 2722-23, 159 L.Ed.2d 513 (2004) (noting this language, other citations omitted, holding that in most habeas cases only the district of confinement has jurisdiction). There is no reason to consider transferring the petition, however.

Section 2254 provides a remedy "to a a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." No such violation is indicated here.

Petitioner asserts that the state trial court declared he was sentenced under the "Single Transaction Rule" yet separated his offenses into four transactions, and claims the sentencing documents are ambiguous because they do not indicate who prepared or typed them. Id., pp. 4-6 in ECF (Electronic Case Filing).[3] He asserts that since the judge awarded 112 days of jail credit as to each sentence, then each sentence commenced 112 days before the date of sentence, "which [doesn't] comport to consecutive sentences." Id., p. 6 in ECF. He claims the language used in the

---

[2] Petitioner is incarcerated in California, allegedly pursuant to his Florida sentences. He challenges a sentence out of Osceola County, located in the Middle District of Florida.

[3] Petitioner inserted pages between the numbered pages of the form, so the fifth page, for example, is p. 5 of the document as scanned in ECF but not numbered by Petitioner (as p. 5 or otherwise).

sentencing documents is ambiguous, as "[t]here is no way to determine what each sentence is consecutive to or with," again noting the 112 days of jail credit that was awarded. *Id.*, pp. 7-8. He asserts that the state court recently violated his rights by dismissing his motion, erroneously stating he is not in Florida custody. *Id.*, pp. 7, 9. For relief, Petitioner asks that the court order his sentences imposed under the single transaction rule, they be served currently, and that the sentences be clarified as to the date they commence. *Id.*, p. 10.

Attached to the § 2254 are copies of four judgments entered on June 25, 1974, each titled "judgment and sentence of the court under the single transaction rule." Doc. 1, Exs. 1-4 (doc. 1-1, pp. 1-4 in ECF). Also attached is the order of November 3, 2010, dismissing Petitioner's motion to correct illegal sentence filed on September 20, 2010. Doc. 1, Ex. 5 (doc. 1-1, pp. 5-6 in ECF). The court determined that, by Petitioner's own admission, he was confined in California, and "[a]lthough he states he is incarcerated 'under an interstate compact agreement,' it does not appear he is in custody on the sentences in the above-styled cases." *Id.*, p. 2 (doc. 1-1, p. 6 in ECF).

If Petitioner was sentenced to thirty six years and one day on June 25, 1974, with 112 days credit jail credit, assuming no gain time was awarded, the sentence expired in March of 2010. The sentences could have commenced later as Petitioner had other sentences to serve, noted below. But assuming Petitioner is still "in custody" on the sentences challenged here, he has not alleged a federal claim and his petition is clearly untimely. As effective April 24, 1996, there is a one year time limit for filing a § 2254 petition. § 2244(d)(1). Since Petitioner's conviction was final before the effective date of the amendment, he had one year from that date in which to file his § 2254 petition.

Wilcox v. Florida Dept. of Corrections, 158 F.3d 1209, 1211 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000).  The time can commence from later dates in certain circumstances which do not apply here.[4]  Petitioner challenges the judgments on their face, challenges which could have been raised immediately; and *certainly* before April of 1997.

Finally, Petitioner has not been candid with the court.  On the form petition, Petitioner answers "no" to the question, "[h]ave you previously filed a § 2254 petition, or other pleading regarding the validity of your state court confinement, in any federal court?"  Doc. 1, p. 3.  Petitioner has filed at least one two § 2254 petitions, in the Southern District of Florida, challenging his 1973 sentence to life plus five years concurrent imposed in the Eleventh Judicial Circuit, Miami, Florida.  Sheley v. Singletary, 1:96cv3258DLG (available in PACER) (Public Access to Electronic Records).  That petition was denied as an unauthorized second or successive § 2254 petition, as Petitioner attacked the same state court convictions by § 2254 petition in Case No. 88-2303-Civ-Ryskamp, and relief was denied on the merits.  Docs. 6-8.[5]

---

[4] The limitations period runs from the latest of the following: the date on which the judgment became final; the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the right asserted was recognized by the Supreme Court and made retroactive on collateral review; or the date on which the factual predicate for the claim could have been discovered by due diligence.  § 2244(d)(1)(A)-(D).

[5] The docket and documents in the successive petition case (96-3258) are available in PACER, and the petition bears the same prisoner number so there is no question it was filed by Petitioner.  Three other § 2254 cases for Robert P. Sheley were located in PACER, one of which is the case cited as the previous § 2254 petition (1:88cv2303-KLR).  The other two were in the Middle District, case numbers 3:84650-WTH (Sheley v. Wainwright) and 3:1990cv64-WTH (Sheley v. Florida Parole Commission).  The inmate number does not appear on either docket.  There are no

Further inquiry might show that Petitioner previously challenged the same 1974 convictions challenged here, and that this is an unauthorized second or successive petition. As the § 2254 petition is clearly untimely and raises no federal claim, further inquiry is unnecessary.

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2254 Rule 11(b).

Petitioner cannot make a substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, I recommend that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Petitioner shall therefore make any argument as to whether a certificate should issue by objections to this report and recommendation.

It is therefore respectfully **RECOMMENDED** that the § 2254 petition for writ of habeas corpus filed by Robert P. Sheley, challenging his 1974 sentences out of the

---

docket entries aside from archive information in the former; there are docket entries but no documents available in the latter, initiated upon transfer from this district in 1990. There is no electronic record of that case in this court, and given the time period of his sentences Petitioner may well have filed other federal challenges to the validity of his state court confinement which are not available electronically

Case No. 4:11cv413-SPM/WCS

Ninth Judicial Circuit, Osceola County, Florida, be **SUMMARILY DISMISSED**, and that a certificate of appealability be **DENIED** pursuant to § 2254 Rule 11(a).

**IN CHAMBERS** at Tallahassee, Florida, on December 6, 2011.

s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**